UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE<br>2201 C Street, N.W.<br>Washington, D.C. 20037,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. 1:22-cv-00105 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the United States Department of State under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and former public servants and concerned citizens that is dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of

ethical conduct to all public servants. *See* D.C. Code § 29–1102(5).  Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), available at https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant United States Department of State ("State" or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On May 13, 2021, PPT submitted a FOIA request (provided as Exhibit A) to the Department seeking the following:

    1.  Meeting Requests: All records for meeting requests, meeting memos, briefing documents, schedules, communications, and any other records related to the decision to re-initiate funding to the Palestinian Authority either directly or through the UNRWA. This should include any meetings to discuss the legality and oversight controls in place as it pertains to the Taylor Force Act, Anti-Terrorism Clarification Act of 2018, or other relevant laws or U.S. policies.

    2.  Internal Communications: All communications within, among, and between officials involved in the decision announced on April 7, 2021 to re-initiate funding to the Palestinian Authority, including any legal, policy, or budgetary analysis on the U.S. government's ability to track the funds to ensure compliance with the Taylor Force Act. At a minimum, the records of Secretary Blinken, Ned Price, and all political appointees in the Office of the Secretary and Office of the Legal Advisor should be searched for responsive records.

    3.  External Communications: Any and all communications between State Department officials and those within the Administration, including the White House, Ambassador to the United Nations, National Security

        Council, USAID that may have been consulted on the decision to re-institute funding to the Palestinian Authority. This should also include any communications on the topic with individuals or entities outside of the federal government, including Samantha Power or officials prior to joining the Administration.

    4. Virtual platform meetings and logs: Any and all records created or produced by the State Department's authorized virtual platform such as Zoom, Microsoft Teams, or other service, that relates to or concerns the decision to provide funds to the Palestinian Authority or UNRWA. This includes any discussion or analysis that was conducted on the applicability of the Taylor Force Act or other relevant legal or programmatic restrictions.

7. The release of these documents is in the public interest because the public has a right to know whether high-ranking officials charged with formulating foreign policy are properly and wisely considering legal restrictions and policy implications related to providing funds that benefit the Palestinian Authority. For example, the Taylor Force Act limited assistance to the Palestinian Authority unless the Secretary of State certified that certain conditions are met, including ceasing payments for acts of terrorism against U.S. and Israeli citizens. 22 U.S.C. § 2378c-1. The previous administration ended many sources of foreign aid that benefited the Palestinian Authority. The current administration restarted that foreign aid. *See* Edith M. Lederer, *U.S. Announces Restoration of Relations with Palestinians*, ASSOCIATED PRESS (Jan. 26, 2021), available at https://apnews.com/article/joe-biden-world-news-israel-united-nations-a5f546bf188f808ba29f381d76d44729; *See also* Anthony J. Blinken, *The United States Restores Assistance for Palestinians*, Department of State (Apr. 7, 2021), available at https://www.state.gov/the-united-states-restores-assistance-for-the-palestinians/.

8. On May 18, 2021, the Department acknowledged receipt of the Plaintiff's request, referred to it as reference number F-2021-06301, declined to make a determination on

    Plaintiff's fee waiver request, and asserted that the Department would not be able to respond to the request within twenty days due to "unusual circumstances," citing the need to search for and collect requested records from other Department offices or Foreign Service posts.

9. Since that time, Plaintiff has reached out to the Department at least three times to inquire about the status of its request, including on August 3, 2021, October 5, 2021, and December 22, 2021.

10. In an email dated August 25, 2021, the Department stated that the estimated date of completion for Plaintiff's request is December 16, 2022, and noted that estimated dates of completion are subject to change.

11. In an email dated October 8, 2021, the Department noted "there will be a delay in processing FOIA requests," citing COVID-19 and a FOIA backlog, reiterated that the estimated date of completion for Plaintiff's request is December 16, 2022, and reiterated that the estimated date of completion is subject to change.

12. In an email dated December 23, 2021, the Department once again reiterated that the estimated date of completion is December 16, 2022, and asserted that the Department processes requests on a first-in, first-out basis, and reiterated "there will be a delay in processing FOIA requests," citing COVID-19 and a FOIA backlog.

13. As of today, Plaintiff's request has been pending for more than 240 days – several multiples of the statutory period for federal agencies to make a determination with respect to a FOIA request, even for requests where unusual circumstances apply. 5 U.S.C. § 552(a)(6)(A)-(B).

14. In spite of this copious amount of time, the Department has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2012).

15. To date, the Department has failed to produce responsive records, provide an estimate for when it will begin to produce responsive records, or even clearly confirm that it has begun searching for responsive records.

16. Instead, the Department estimates that it will completely respond to Plaintiff's request by December 16, 2022.

17. FOIA provides agencies 20 working days to make a determination – not up to nearly 20 months, the time frame suggested by the Department's estimated date of completion, even under "unusual circumstances."

18. Through the Department's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records

19. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

20. PPT properly requested records within the possession, custody, and control of the Department.

21. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

22. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

23. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA request.

24. The Department's failure to provide all non-exempt responsive records violates FOIA and Department regulations.

25. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt responsive records.

(4) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.

Dated: January 14, 2022               Respectfully submitted,

                                      PROTECT THE PUBLIC'S TRUST
                                      By Counsel:

                                      /s/ Gary M. Lawkowski
                                      Gary M. Lawkowski
                                      D.D.C. Bar ID: VA125
                                      DHILLON LAW GROUP, INC.
                                      2121 Eisenhower Avenue, Suite 402
                                      Alexandria, Virginia 22314
                                      Telephone: 703-965-0330
                                      Facsimile: 415-520-6593
                                      GLawkowski@Dhillonlaw.com

                                      *Counsel for the Plaintiff*