UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST,<br><br>    *Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>    *Defendant*. | Civil Action No. 22-0105 (CRC) |

## ANSWER

  Defendant, the United States Department of State, by and through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1) filed by Plaintiff, Protect the Public's Trust. This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. All allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the separately numbered paragraphs as follows:[1]

  1.  The allegations in Paragraph 1 constitute Plaintiff's characterization of this action and conclusions of law, to which no response is required. To the extent a response is deemed to

---

[1] For ease of reference, Defendant refers to the Complaint's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

be required, Defendant admits that Plaintiff purports to bring such an action and denies that Plaintiff is entitled to relief.

## JURISDICTION AND VENUE

2. Paragraph 2 contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction subject to the terms and limitations of FOIA.

3. Paragraph 3 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this judicial district subject to the terms and limitations of FOIA.

## PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Defendant admits the allegations in Paragraph 5 only to the extent that the Department of State is a department of the executive branch of the U.S. government and is a federal agency headquartered in Washington, D.C. The remaining allegations of Paragraph 5 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations.

## STATEMENT OF FACTS

6. Defendant admits that Plaintiff submitted a FOIA request to Defendant on May 13, 2021. To the extent that the allegations in Paragraph 6 purport to characterize the contents of Plaintiff's FOIA request, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

7. The allegations in this paragraph contain Plaintiff's characterization of alleged background information and conclusions of law, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

8. Defendant admits that it sent Plaintiff an e-mail acknowledging the receipt of its FOIA request on May 18, 2021.  To the extent that the allegations in Paragraph 8 purport to characterize the contents of Defendant's acknowledgment letter, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

9. Admitted.

10. Defendant admits that it provided Plaintiff a status update on August 25, 2021.  To the extent that the allegations in Paragraph 10 purport to characterize the contents of Defendant's status update, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

11. Defendant admits that it provided Plaintiff a status update on October 8, 2021.  To the extent that the allegations in Paragraph 11 purport to characterize the contents of Defendant's status update, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

12. Defendant admits that it provided Plaintiff a status update on December 23, 2021. To the extent that the allegations in Paragraph 12 purport to characterize the contents of Defendant's status update, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

13. Defendant admits Paragraph 13 only to the extent that Defendant has to date not released any responsive, non-exempt records to Plaintiff.  No response is required to the conclusions of law contained in Paragraph 13.

14. Defendant admits Paragraph 14 only to the extent that Defendant has to date not made a final determination on Plaintiff's FOIA request.

15. Defendant admits Paragraph 15 only to the extent that Defendant has to date not released any responsive, non-exempt records to Plaintiff.

16. Defendant admits that it provided Plaintiff status updates.  To the extent that the allegations in Paragraph 16 purport to characterize the contents of Defendant's status updates, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

17. Paragraph 17 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to FOIA for a complete and accurate representation of its contents and denies any allegation inconsistent therewith.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to FOIA for a complete and accurate representation of its contents and denies any allegation inconsistent therewith.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records

19. Defendant incorporates by reference its responses to Paragraphs 1 to 18 above.

20. Paragraph 20 consists of legal conclusions, to which no responses are required.  To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 20.

21. Defendant admits the allegations in Paragraph 21 only to the extent that the Department of State is a department of the executive branch of the U.S. government and is a federal agency headquartered in Washington, D.C. The remaining allegations of Paragraph 21 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## REQUESTED RELIEF

The allegations in paragraphs (1) through (5) under the "Prayer for Relief" section of the Complaint consist of Plaintiff's request for relief, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

Defendant has not improperly withheld any records under FOIA.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's request to the extent that any requested relief exceeds the relief authorized by the FOIA.

## THIRD DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exemptions to the FOIA.

## FOURTH DEFENSE

Defendant has exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiff's FOIA request.  *See* 5 U.S.C. § 552(a)(6)(C).

## FIFTH DEFENSE

Plaintiff's FOIA request fails to reasonably describe the records requested.

## SIXTH DEFENSE

Plaintiff is neither eligible for, nor entitled to, attorneys' fees or costs.

*   *   *

Dated:  April 1, 2022                                  Respectfully submitted,

                                            MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:      /s/ *Douglas C. Dreier*
DOUGLAS C. DREIER, D.C. Bar No. 1020234
Assistant United States Attorney – Civil Division
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C.  20530
(202) 252-2551
douglas.dreier@usdoj.gov

*Counsel for Defendant*